*JNK:as*



CLARENCE MADDOX
CLERK, USDC / SDFL / MIA

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 00-6117-Cr-Moreno/Dube

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) |
| | ) |
| MARK ROSEMAN, | ) |
| MIRIAM "MIMI" LAWRENCE, | ) |
| and | ) |
| LEO BROVILLETTE, | ) |
| Defendant. | ) |
| | ) |

### GOVERNMENT'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF ORDER COMPELLING DEFENDANT ROSEMAN AND DEFENDANT LAWRENCE TO SUBMIT HANDWRITING EXEMPLARS

The United States of America, by and through its undersigned Assistant United States Attorney, files this motion for an order compelling defendant Roseman and defendant Lawrence to submit handwriting exemplars. As grounds therefore, the Government states as follows:

1. On May 11, 2000, a federal grand jury in Fort Lauderdale, Florida returned a 29-count indictment charging defendant Roseman and defendant Lawrence with conspiring to commit bank fraud, loan application fraud, mail fraud, wire fraud, and defrauding HUD, and with separate counts of loan application fraud, wire fraud and mail fraud. Defendant Roseman was also charged with money laundering.

2.   The indictment alleges that from at least as early as 1993 through December 1996, defendant Roseman, defendant Lawrence and others conspired to unlawfully profit through the sale of real estate by submitting false documentation to four banks and nine mortgage brokers in order to induce the banks and mortgage brokers to make loans totaling in excess of $15,000,000 to in excess of 150 people who could not otherwise qualify for a loan.

3.   The government has false documents or documents relating to the creation of false documents, which are believed to be in the handwriting of defendant Roseman and defendant Lawrence. These documents are clearly material to the charges set forth in the indictment as they would further link the defendants to their participation in the fraudulent scheme and further corroborate the testimony of coconspirators and others regarding the defendants' participation in the fraudulent scheme. The government previously asked for handwriting exemplars from defendant Roseman(once) and defendant Lawrence (twice). Since obtaining the exemplars the government obtained additional false documents from third parties believed to bear the handwriting of defendant Roseman or defendant Lawrence or have discovered among the more than 30,000 pages of records obtained during the investigation additional false documents believed to be in the handwriting of defendant Roseman or defendant Lawrence. The additional exemplars are needed in order that the examiner can more accurately determine if the handwritings on the false documents are the handwritings of defendant Roseman or defendant Lawrence.

4.   The requested handwriting analysis is clearly material to the Government's case-in-chief at trial to prove defendant Roseman and defendant Lawrence guilty of the crimes charged.

5.  To properly analyze these documents, the Government requests that this Court direct defendant Roseman and defendant Lawrence to provide handwriting exemplars. These exemplars are not violative of the defendant's Fifth Amendment Rights as discussed below.

## MEMORANDUM OF LAW

The right to remain silent does not attach to nontestimonial types of evidence. Schmerber v. California, 384 U.S. 757, 764 (1966). The Fifth Amendment privilege is limited to testimonial compulsion. The Fifth Amendment "offers no protection against compulsion to submit to fingerprinting, photographing or measurements, to write or speak for identification, to appear in court, to stand, to assume a stance, to walk, or to make a particular gesture." Id.; see Bonaparte v. Smith, 362 F. Supp. 1315 (S.D. Ga), aff'd 484 F.2d 956 (5th Cir. 1973), cert. denied, 415 U.S. 981.

Once an indictment is returned, valid on its face, the government should be permitted to obtain handwriting exemplars because handwriting is a physical characteristic of the defendant, rather than testimonial in nature. United States v. Dionisio, 410 U.S. 1 (1973)(the Fifth Amendment does not protect identifying characteristics); Gilbert v. California, 388 U.S. 263 (1967); see United States v. Izzi, 427 F.2d 293 (2d Cir. 1970); United States v. Driver, 462 F.2d 808 (5th Cir. 1972), cert. denied, 409 U.S. 1061.

The specific allegation before the district court that there exists certain physical evidence which is "material to the government's proof," has been held sufficient to require defendants to submit to fingerprinting. In re Reardon, 445 F.2d 798 (1st Cir. 1971); see Pearson v. United States, 389 F.2d 684 (5th Cir. 1968).

The obtaining of handwriting exemplars from a defendant, without the presence of counsel, does not violate the defendant's rights under the Fifth Amendment. United States v. Webster, 422 F.2d 290 (4th Cir.), cert. denied, 399 U.S. 915. Just as the law sanctions fingerprinting, so does it permit "other methods of identification which do not invade the field of testimonial compulsion. "U.S. ex rel Stovall v. Deno, 355 F.2d 731, 737 (2d Cir. 196) (citations omitted).

## CONCLUSION

WHEREFORE, for all of the above-stated reasons, the United States of America respectfully requests that this Honorable Court grant its motion to compel defendant Roseman and defendant Lawrence to provide handwriting exemplars.

Respectfully Submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY
Court No. A5500030
500 East Broward Boulevard
Suite 700
Fort Lauderdale, Florida 33394
Tel: (954) 356-7255 Ext. 3515
Fax: (954) 356-7336

4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was delivered by United States mail this 9th day of June 2000 to H. Dohn Williams, Esquire, 721 N.E. 3rd Avenue, Ft. Lauderdale 33304, Jeffrey Feiler, Esquire, 7685 S.W. 104th Street, Suite 200, Miami, Florida 33156, Robert Berube, Assistant Federal Public Defender, 101 Northeast Third Avenue, Suite 202 Fort Lauderdale, Florida 33301.

JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY