JNK:sr

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6117-CR-HUCK

UNITED STATES OF AMERICA, :

        PLAINTIFF, :

v. :

MIRIAM "MIMI" LAWRENCE, :

        DEFENDANT. :



GOVERNMENT'S OPPOSITION TO DEFENDANT'S
MOTION FOR DOWNWARD DEPARTURE
AND REQUEST FOR HOME DETENTION

The United State of America, by and through its undersigned counsel, hereby opposes the defendant's Motion for Downward Departure and also opposes the defendant's request for home detention, and states as follows:

1. On September 20, 2000, the defendant pled guilty to Count I of the indictment charging her with conspiracy to commit bank fraud, loan application fraud, to defraud HUD, and to commit bank fraud and wire fraud. The Presentence Investigation Report reflects that the defendant's guideline range is 24-30 months. The defendant has filed a motion for downward departure pursuant to Section 5H1.4 of the Sentencing guidelines due to her physical condition. At the initial sentencing hearing defendant's counsel asked that the defendant be sentenced to

1



home detention due to her physical condition. The defendant states that she suffers from leprosy and also has high blood pressure, chronic asthma and a hiatel hernia. She has not provided any medical records to support her claims.

2.   Her motion for downward departure was the first time she informed anyone involved in this case about her having leprosy. Paragraph 58 of the Presentence Investigation Report (PSI) discusses the defendant's physical condition. The PSI makes no mention of the defendant having leprosy. The defendant failed to inform the Probation Office of the leprosy condition. She also failed to inform the Bureau of Prisons at the time of her arrest in this case while she was incarcerated during the first 3 weeks. She did not inform the government or anyone else of her condition. Her first mention of her condition is with respect to this motion and her efforts to prevent the court from imposing a sentence of incarceration. This Court should deny such a request.

3.   At the defendant's initial sentencing hearing, on March 13, 2001, the government made a motion for a downward departure due to the defendant's substantial assistance in the prosecution of Mark Roseman. The government requested that the defendant's sentence be reduced from 24-30 months to 12 months and a day. The government contends that no further reduction is warranted.

4.   Pursuant to Section 5H1.4 of the Sentencing Guidelines an extraordinary physical impairment may be a reason to impose a sentence below the applicable guideline range, and that in the case of a seriously infirm defendant, home detention may be as efficient as, and less costly than imprisonment. Defendant argues that her sentence should be reduced to home detention because she is seriously infirm.

5. It is apparent that the defendant is not seriously infirm as she is not bedridden or in constant need of medical care. See, e.g. U.S. v. Sherman, 53 F.3d 782 (7th Cir. 1995). As noted in Sherman, supra, at 787, the district court must ascertain through competent medical testimony that the defendant needs constant medical care, or that the care he does need will not be available to him should he be incarcerated. The defendant has the burden of showing that the Bureau of Prisons could not provide adequate medical care. See U.S. v. Anders, 956 F.2d, 907, 911 (9th Cir. 1992) (defendant bears the burden where he or she seeks a downward departure).

6. While the defendant may have a number of illnesses, they are not sufficient to warrant a downward departure to home detention. See e.g., U.S. v. LeBlanc, 24 F.3d 340, 348-349 (1st Cir.), cert. denied, sub nom., Weinstein v. U.S., 513 U.S. 896 (1994)(heart condition that could be treated with medication is not sufficient to warrant downward departure); U.S. v. Johnson, 63 F.3d 721 (8th Cir. 1995) (defendant with HIV virus did not warrant downward departure); U.S. v. Goff, 6 F.3d 363, 366 (6th Cir. 1993) (a wheelchair bound quadriplegic is not entitled to departure); but c.f U.S. v. Greenwood, 928 F.2d 645, 646 (4th Cir. 1991) (double amputee whose treatment would be jeopardized in prison is granted a departure).

7. While the defendant is entitled to a downward departure due to her substantial assistance, she still should be incarcerated for her involvement in the mortgage fraud conspiracy. Her illnesses have not made her seriously infirm so that her sentence should be reduced to home detention.

## CONCLUSION

For the foregoing reasons, the defendant's motion for downward departure should be denied and she should be sentenced to one year and one day of incarceration.

Respectfully submitted,

GUY A. LEWIS
UNITED STATES ATTORNEY

By: _____
JEFFREY N. KAPLAN
ASSISTANT U.S. ATTORNEY
FLORIDA BAR NO. A500030
500 E. Broward Blvs. 7th Flr
Ft. Lauderdale, Fl 33394
(954) 356-7255
(953) 356-7336

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on this ____ day of April, 2001, to Jeffrey Feiler, Esquire, 7685 SW 104th St., Suite 200, Miami, Fl. 33156.

_____
JEFFREY N. KAPLAN
ASSISTANT U.S. ATTORNEY